**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Newnan

SEP 3 0 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | COMPLAINT |
| GAMMANS ARCHITECTURAL d/b/a SKYLIGHTS INTERNATIONAL, INC., | JURY TRIAL DEMANDED |
| and | 3 05-CV- 97 -JTC |
| GAMMANS ARCHITECTURAL PRODUCTS, INC., | |
| Defendants. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Mr. James Hall and Mr. Gary Richardson, who were adversely affected by such practices. As expressed in greater detail below, Mr. Hall and Mr. Richardson were employed by Defendants at their Newnan, Georgia facility. Mr. Hall held the position of saw operator and Mr. Richardson held the position of saw helper.

Mr. Hall and Mr. Richardson were the most tenured and experienced individuals in their respective positions. Nonetheless, Defendants laid off both Mr. Hall and Mr. Richardson, purportedly, due to lack of work, and retained less tenured and experienced non-black employees. Shortly after laying off Mr. Hall and Mr. Richardson, Defendants hired less qualified non-black employees, or assigned less qualified incumbent employees, to perform the job duties and responsibilities previously performed by Mr. Hall and Mr. Richardson, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Newnan Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the

administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants Gammans Architectural d/b/a Skylights International, Inc., and Gammans Architectural Products, Inc., ("Defendants") have continuously been corporations doing business in the State of Georgia and the City of Newnan, and, as an integrated enterprise operating as a single employer, have continuously had at least 15 employees.

5. At all relevant times, Defendant Gammans Architectural d/b/a Skylights International, Inc., has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b) (g) and (h).

6. At all relevant times, Defendant Gammans Architectural Products, Inc., has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b) (g) and (h).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Mr. Hall and Mr. Richardson filed their charges with the Commission alleging violations of

Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least July 2003, Defendants have engaged in unlawful employment practices at their Newnan, Georgia facilities in violation of Section 703(a) of Title VII, 42 U.S.C. § § 2000e-3(a), by laying off Mr. Hall and Mr. Richardson.

9. The effects of the practices complained of in paragraph 7 above have been to deprive Mr. Hall and Mr. Richardson of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

10. The unlawful employment practices complained of in paragraph 7 above were intentional.

11. The unlawful employment practices complained of in paragraph 7 above were carried out with malice and/or reckless indifference to the federally protected rights of Mr. Hall and Mr. Richardson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all other persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of

race.

    B.    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees, and which eradicate the effects of their past and present unlawful employment practices.

    C.    Order Defendants to make whole Mr. Hall and Mr. Richardson, who were adversely affected by Defendants' discriminatory conduct, by providing each appropriate back pay with prejudgement interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement of Mr. Hall and Mr. Richardson.

    D.    Order Defendants to make whole Mr. Hall and Mr. Richardson by providing each compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

    E.    Order Defendants to make whole Mr. Hall and Mr. Richardson by providing each compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and

humiliation, in amounts to be determined at trial.

F. Order Defendants to pay to Mr. Hall and Mr. Richardson punitive damages for Defendants' malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

_____
S. Robert Royal
Regional Attorney
Georgia Bar No. 617505

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6812
Facsimile: (404) 562-6905