IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, GARY RICHARDSON, and JAMES HALL, <br><br>  Plaintiffs, <br><br> vs. <br><br> GAMMANS ARCHITECTURAL d/b/a Skylights International, Inc., <br><br> and <br><br> GAMMANS ARCHITECTURAL PRODUCTS, INC., <br><br>  Defendants. | CIVIL ACTION NO. <br><br> 3:05-CV-0097-CC |

### **ORDER**

This matter is before the Court on Plaintiff Equal Employment Opportunity Commission's Motion to Amend Judgment [Doc. No. 63] (the "Motion to Amend Judgment") and the Motion to Intervene [Doc. No. 64] of nonparties Nelson Gammans and Debra Gammans. For the reasons stated below, the Court hereby **DENIES** the Motion to Amend Judgment [Doc. No. 63] and **GRANTS** the Motion to Intervene [Doc. No. 64].

On March 10, 2010, Plaintiff Equal Employment Opportunity Commission (the "EEOC") moved the Court pursuant to 28 U.S.C. §§ 3012 and 3013 to amend the Default Judgment [Doc. No. 21] entered in this action to add Nelson Gammans and Debra Gammans as parties to the Default Judgment. On March 24, 2010, nonparties Nelson Gammans and Debra Gammans moved the Court to intervene in the action, and they also filed a brief opposing the Motion to Amend Judgment. The Motion to Intervene has not been opposed and is due to be granted pursuant to Federal Rule of Civil Procedure 24(a)(2).

The EEOC's request that this Court add Nelson Gammans and Debra Gammans as defendants to the Default Judgment entered by this Court pursuant to 28 U.S.C. §§ 3012 and 3013 is due to be denied, as the Federal Debt Collection Procedure Act ("FDCPA") is inapplicable.  The scope of the FDCPA covers only "those obligations owing to the federal government." United States v. Bongiorno, 106 F.3d 1027, 1036 (1st Cir. 1997).  The proceeds of the debt owed, if collected, must be proceeds that "will inure directly to the government's benefit (in contrast to benefitting a third party)." Id.  The damages that this Court awarded in the above-styled action plainly are for the benefit of Mr. Gary Richardson and Mr. James Hall, not the EEOC.  Indeed, the Default Judgment itself provides that "Gary Richardson recover from the defendants the sum of $77,484.18 and that James Hall recover from the defendants the sum of $85,124.15." (Default Judgment at 2.)  The EEOC itself concedes that Mr. Richardson and Mr. Hall are third-party beneficiaries to the Default Judgment and that the EEOC is only due the outstanding debt on behalf of Mr. Richardson and Mr. Hall.  (Plaintiff EEOC's Motion to Amend Judgment at 3.)  Any debt recovered will not "directly augment the public coffers." Bongiorno, 106 F.3d at 1039.  Accordingly, the Default Judgment entered in this case did not "create a debt owing to the United States within the meaning of the FDCPA," id., and the EEOC cannot utilize the FDCPA to collect the damages awarded.

Based on the foregoing, the Court **DENIES** the Motion to Amend Judgment [Doc. No. 63] and **GRANTS** the Motion to Intervene [Doc. No. 64].

SO ORDERED this 22nd day of November, 2010.

s/  CLARENCE COOPER

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE